## STATE OF INDIANA *v.* LEPPERT ET AL.

[No. 12,634.   Filed February 18, 1927.   Rehearing denied June 10, 1927.   Transfer denied February 23, 1928.]

*William H. Remy, Robert Lee Brokenburr* and *Jacob Morgan,* for the State.

*William S. McMaster,* for appellees.

NICHOLS, J.—Action by appellant, prosecuted by the

prosecuting attorney for the nineteenth judicial circuit of Indiana to establish as liens against several pieces of real estate owned respectively by appellees, four certain judgments obtained by the State of Indiana in the Marion Circuit Court against appellee Leppert, each of such judgments being upon a forfeited recognizance bond given in the Marion Criminal Court and upon each of which bonds Leppert had been surety. All of the real estate so owned by said appellees had been owned by Leppert at the time or the execution of the said several recognizance bonds, but had been conveyed by him prior to the rendition of the judgments in said circuit court.

The complaint was in three paragraphs. The first paragraph sets forth the execution by appellee Leppert, as surety, of four recognizance bonds to secure the appearance of defendants in the Marion Criminal Court, said bonds being respectively in the principal sums of $500, $1,000, $50 and $1,000. It is averred that each of these bonds was filed with the clerk, but that they were never recorded, that, in each instance, said bonds were forfeited because of the failure of the defendant to appear, and judgments of forfeiture thereon were duly rendered in the criminal court, said judgments of forfeiture being entered respectively May 24, 1920, June 15, 1920, September 24, 1920, and July 2, 1920; that thereafter separate actions were brought in the Marion Circuit Court on said several forfeited recognizance bonds and judgments obtained against Leppert in said court on December 29, 1921, for $500, May 4, 1921, for $1,000, December 29, 1921, for $50 and December 29, 1921, for $1,000; that on June 16, 1920, and prior thereto, Leppert, the surety on said bonds, was the owner of certain real estate in the city of Indianapolis; and, for the purpose and with the intent to cheat, hinder and delay his creditors, including appellant, and for the fraudulent

purpose of preventing the collection of said bonds and judgments and of said indebtedness, conveyed certain parcels thereof to appellee Jennings, and certain parcels to appellee Roessner; that on April 12, 1922, appellee Roessner conveyed part of the real estate so conveyed to him to appellee Harriford, that on April 11, 1924, appellee Jennings conveyed part of the real estate so conveyed to him to appellee Standard Oil Company; that all of the conveyances by Leppert were for nominal consideration only. The prayer of the first paragraph of complaint was that the said several conveyances be set aside, said deeds be declared void, and that said real estate be made subject to the payment of appellant's claims.

Paragraph two is identical with paragraph one, except that it avers that all of the appellees knew, or, upon reasonable investigation, could have known all of the facts and circumstances connected with said recognizance bonds and for the forfeiture thereof prior to the said respective conveyances to them, and that they had legal notice of all such facts and circumstances.

Paragraph three is identical with paragraph two in its allegations of facts, differing only in that it alleges that the several recognizance bonds were liens upon the real estate from the time the bonds were signed by Leppert; that the judgments of forfeiture in the criminal court constituted additional liens; that the filing of the complaints on the forfeited bonds in the circuit court constituted still additional liens, and that the judgments rendered by the circuit court also constituted additional liens upon the real estate.

Appellees filed answers in general denial, and appellees Harriford, Roessner and Standard Oil Company also, severally, filed separate paragraphs of special answer to each paragraph of complaint, each paragraph of answer of each appellee alleging that he was an innocent pur-

chaser for value in the conveyance to him as alleged in complaint, and that he had no knowledge of the fraudulent intent and purpose of Leppert as alleged in the complaint.

Replies in denial to each paragraph of special answer.

A trial by the court resulted in a finding and judgment for appellees, from which, after appellant's motion for a new trial was overruled, this appeal, the error assigned being that the court erred in overruling appellant's motion for a new trial.

There is ample evidence to sustain the court's finding that the conveyances from appellee Leppert to the respective and successive grantees were each for a valuable consideration, and that such conveyances were not fraudulent as against appellant. Nothing can be gained by discussing the evidence.

Section 2195 Burns 1926, being §161 of "An Act Concerning Public Offenses," Acts 1905 p. 620, is controlling under the circumstances of this case. It reads as follows: "All recognizances, taken to secure the appearance of a defendant in the criminal or circuit court to answer a criminal charge, shall be immediately recorded by the clerk of such court in the order-book and entered in the judgment docket, and from the date of such recording and entry such recognizance shall be a lien upon all the real estate in such county owned by the several obligors. Judgments on such forfeited recognizance shall bind and be a lien upon all the real estate of the principal and sureties within the county in which such judgment is rendered, from the date of such recording and entry of such recognizance in the clerk's office, the date of which lien shall be stated in such judgment of the court. And such judgment shall be executed without relief from valuation or appraisement laws."

It appears by each paragraph of the complaint that the recognizance bonds here involved were not recorded

and entered as required by the foregoing section. ■■ It does not appear otherwise by the evidence. Therefore, they did not become liens on the real estate then owned by Leppert. At the time the actions on the recognizance bonds were commenced, and at the time the respective judgments were rendered, Leppert did not own the real estate upon which appellant now seeks to establish liens.

Sections 661 and 1298 Burns 1926 relied on by appellant, being §§602 and 605 respectively of the Civil Code of 1881, Acts 1881 p. 348, have no application to ■ the recognizance bonds here involved, which were taken to secure the appearance of the defendant in a criminal court under the specific provisions of the above mentioned later act concerning public offenses.

Judgment affirmed.

Dausman, J., absent.